UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INFINITY HEADWARE & APPAREL,

               Plaintiff,                           OPINION &
                                                           ORDER

             - against -

                                            15-CV-1259 (JPO) (RLE)

JAY FRANCO & SONS, et al.,

               Defendants.

**RONALD L. ELLIS, United States Magistrate Judge:**

      Plaintiff Infinity Headwear & Apparel ("Infinity") brings this action for patent infringement under Title 35, United States Code. (Doc. No. 1.) On August 15, 2015, the Parties submitted to the Court a Joint Letter regarding "Deficiencies in Defendants' Discovery Responses." (Doc. No. 93.) The Parties dispute the sufficiency of a number of Defendants' responses to interrogatories and document requests. Infinity seeks various forms of relief.

**1.    Defendants' Past Sales Information**

      The Parties dispute whether Defendants' sales information predating the October 21, 2014 issuance of Infinity's patent is discoverable in this matter. Having reviewed the information provided by the Parties, the Court finds that Infinity has not demonstrated that these sales are relevant to any claims or defenses in this case. Infinity asserts that the information could be relevant to a calculation of lost profits. This position is meritless. Infinity's own sales are more probative evidence of its lost profits.

      Infinity also argues that Defendants' sales would be relevant to a calculation of a reasonable royalty, a possible remedy in the case. This position is also meritless. Infinity relies on two of the fifteen factors enumerated in *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Infinity first argues that the past sales information is relevant

to the factor, "[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use." *Georgia-Pac. Corp.*, 318 F. Supp. at 1120. This factor would apply in a context in which the infringement period began when the defendant started to manufacture a product that incorporated an infringing element. Sales records of the product before inclusion of the infringing element and after the date it began to be used, demonstrating either an increase or decrease in sales over time, would be probative of the "value of that use." In this case, however, the infringement is measured from the date that Infinity's patent issued. The very nature of the discovery request suggests that Defendants' use of the infringing product began before the period of infringement. Any trend in Defendants' sales that may be observable before and after the issuance of the patent could not be attributed to, and thus is not probative of, the use of Infinity's patented product. Therefore, the sales information predating the October 21, 2014 issuance of Infinity's patent is not relevant to the value of Defendants' alleged use of the patented product.

Infinity's second argument fails for similar reasons. Infinity argues that the prior sales information is relevant to the "established profitability of the product made under the patent, its commercial success, and its current popularity." *Id*. This factor encompasses the profitability of the product manufactured during the period of patent infringement, which here begins only after the issuance of Infinity's patent on October 21, 2014. Therefore, this factor does not support Infinity's argument that the prior sales information is relevant to a calculation of reasonable royalty.

For the foregoing reasons, Infinity's request to compel production of Defendants' sales records prior to the issuance of its October 21, 2014 patent is **DENIED**.

2. **Interrogatory No. 2**

The parties dispute whether Defendants have provided sufficient information regarding the individual products sold and the dates that each individual product was first offered for sale. Infinity claims that Defendants did not include the "fox" product in a list of individual products, although information about the "fox" product was included in response to other requests, and that this highlights an overall lack of completeness in Defendants' responses. In the joint letter, Defendants point to documents that list the "fox" product and explain that it was sold for only a limited time to Bed, Bath, & Beyond. The Court finds that within their Supplemental Response and the Joint Letter, Defendants have adequately responded to Interrogatory No. 2.

3. **Interrogatory No. 3**

Infinity asked that Defendants provide it with a chart containing month-by-month sales information. The Court has reviewed the information provided and could not discern how Defendants' response supplied the requested information. The response therefore does not adequately explain how Infinity could derive the information and does not establish that responsive documents would be burdensome to produce. Defendants are **HEREBY ORDERED** to supplement their response to Interrogatory No. 3 with the sales information Infinity requests or to explain with particularity how this information can be derived from the documents produced.

4. **Interrogatory No. 5**

Infinity alleges that Defendants have provided insufficient information regarding Defendants' customers and the dates of sales to each customer. Defendants respond that the list of customers is complete for the period after issuance of Infinity's patent and that the answers are being verified. Defendants' response does not adequately explain how the dates of sales and

customer addresses can be derived from the documents provided, and does not establish that responsive documents would be burdensome to produce. Defendants are **HEREBY ORDERED** to supplement their response to Interrogatory No. 5 to include the dates of sales and customer address, and to verify that the response is complete, or to explain with particularity how this information can be derived from the documents produced.

5.     **Document Request No. 5**

Parties dispute whether Defendants have provided sufficient documents in response to Infinity's request for documents relating to "plans for marketing and promoting their product." Defendants assert that no such documents exist. If they have not done so already, Defendants are **HEREBY ORDERED** to verify this response by someone with individual and actual knowledge of the efforts to search for documents responsive to Request No. 5.

6.     **Document Request No. 12**

Infinity asks that Defendants produce communications between Defendants and third parties regarding Infinity, the patent at suit, and this action. Defendants contend that "[t]here are no non-privileged documents" that are responsive to the requests. Defendants, however, have not produced a privilege log or explained the measures undertaken in searching for relevant and responsive documents, or established that responsive documents would be burdensome to produce. Infinity has asked the Court to enter the Federal Circuit's Model Order for E-Discovery. Infinity has not demonstrated that such an order is appropriate at this time and therefore its request is **DENIED**.

Defendants, however, are **HEREBY ORDERED** to explain to the Court the efforts they have made to locate documents and things relating to communications, internal and external, regarding Infinity, this action, and/or the '544 Patent. To the extent that Defendants have

4

identified privileged communications that both are responsive to Plaintiff's request and relevant to the claims and defenses in this case, they shall, in accordance with FRCP Rule 26, produce a log listing each document, the privilege that they claim attaches, and a description of the nature of the communications not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess each claim of privilege. If, in this search, Defendants identify non-privileged communications that are responsive to Infinity's request, they shall supplement their response to Infinity's request with those documents.

**7.   Document Request No. 15**

Infinity asked for documents "sufficient to identify all persons with an ownership interest in Defendants." Defendants first referred Infinity to "public corporate records" and, in their supplemental response, listed the names of the individual owners of the Defendant corporations. Infinity has not shown that production of additional documents would be probative of any fact at issue and thus have not established relevance. The Court therefore finds that Defendants have adequately responded to Document Request No. 15.

**8.   Document Request No. 17**

Infinity asked for documents that show Defendants' "unit sales, gross and net revenue, costs, and gross and net profits" since October 2014. Defendants have not adequately explained how this information can be derived from the documents they produced in response and have not shown that that responsive documents would be burdensome to produce. Defendants are **HEREBY ORDERED** to supplement their response to Document Request No. 17 by explaining with particularity how gross and net revenue can be derived from the documents produced, or producing documents that are responsive to the request.

### 9. Document Request Nos. 18 & 23

Infinity requested all communications and agreements between Defendants and their customers regarding the products at issue. With respect to communications, Infinity argues that Defendants have produced only "one email between it and Target related to this litigation," and again requests entry of the Federal Circuit's Model Order for E-Discovery. Infinity has not demonstrated that such an order is appropriate at this time and therefore its request is **DENIED**.

Defendants, however, have not adequately explained how the documents they provided satisfy Infinity's requests with respect to both communications and agreements, or that responsive documents would be burdensome to produce. Defendants are **HEREBY ORDERED** to supplement their response to Document Requests Nos. 18 and 23 by explaining with particularity how the documents they provided satisfy the requests. In addition, Defendants are to explain the efforts they have made to locate communications with customers regarding the products at issue. With respect to Defendants' position that the request is indefinite for lack of a specific time period, as explained above, the relevant time period for responsive documents is after the alleged infringement began, October 21, 2014.

To the extent that Defendants have identified privileged communications that both are responsive to Plaintiff's request and relevant to the claims and defenses in this case, they shall, in accordance with FRCP Rule 26, produce a log listing each document, the privilege that they claim attaches, and a description of the nature of the communications not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess each claim of privilege. If, in this search, Defendants identify non-privileged communications that are responsive to Infinity's request, they shall supplement their response to Infinity's request with those documents.

**10.    Document Request Nos. 25 & 30**

Infinity asks for Defendants' own inventory reports, sales forecasts, and budget forecasts. Defendants assert that they do not have such documents. Defendants are **HEREBY ORDERED** to verify that they do not possess the documents requested in Infinity's Document Request Nos. 25 and 30.

**11.    Document Request No. 27**

Infinity seeks documents that identify customers to whom Defendants have "offered to sell" their products. Defendant argues that the request is indefinite in temporal scope and that they do not keep a list for these products. As explained above, the relevant time period for calculation of a reasonable royalty would be after the date of infringement began in October 21, 2014. Defendants have not established that these documents would be burdensome to produce. Defendants are **HEREBY ORDERED** to supplement their response to Document Request No. 27 with offers to sell during the period of alleged infringement. If no such communications are found, Defendants are to explain to the Court the efforts they have made to locate the offers.

**12.    Document Request No. 28**

Infinity asks for documents related to commentary, praise, and criticism of Defendants' products, and claims that Defendants have failed to produce any "customer-feedback communications." Defendants' response references nearly sixty pages of documents but fails to explain how the documents are responsive to Infinity's request. Defendants are **HEREBY ORDERED** to supplement their response to Document Request No. 28 by explaining how the documents provided are responsive to the request. Further, Defendants shall explain the efforts they have made to locate customer-feedback communications.

### 13. Infinity's Motion for Sanctions Against Defendants and Counsel

Having reviewed the information provided by the parties, the Court finds that Infinity has not demonstrated that sanctions against Defendants and their counsel are appropriate at this time.

### CONCLUSION

It is **HEREBY ORDERED** that

(1) Defendants shall supplement their interrogatory and document request responses in the manner described above no later than **November 6, 2015.**

(2) Infinity's request to compel production of Defendants' sales records prior to the October 21, 2014 issuance of its patent is **DENIED**.

(3) Infinity's request for entry of the Federal Circuit's Model Order for E-Discovery is **DENIED**.

(4) Infinity's motion for sanctions against Defendants and their counsel is **DENIED**.

**SO ORDERED this 23rd day of October 2015**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge