USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFINITY HEADWEAR & APPAREL,

        Plaintiff,

- against -

JAY FRANCO & SONS, et al.,

        Defendants.

**OPINION AND ORDER**

**15-CV-1259 (JPO) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiff Infinity Headwear & Apparel ("Infinity") moves to compel Defendants to comply with the Court's prior discovery order, and further seeks sanctions against Defendants Jay Franco & Sons and Jay at Play (collectively, "Defendants") for their "numerous remaining deficiencies" in discovery responses and for "repeatedly engaging in discovery conduct that is antithetical to the Federal Rules of Civil Procedure and in direct defiance" of this Court's order. (Doc. No. 139 at 1, 3.). For the reasons that follow, Infinity's motion to compel production and its motion for sanctions against Defendants are **GRANTED**.

## I. BACKGROUND

On October 23, 2015, the undersigned ordered Defendants to supplement certain specific discovery responses and to have responses verified by a person with actual knowledge, by November 6, 2015. (Doc. No. 110, "October 23 Order.") On November 6, 2015, Defendants submitted to the Court a "verification" of certain interrogatories that included a line for the signature of a representative of Defendant Jay at Play, but which had not been signed. (Doc. No. 120). On November 9, 2015, Infinity wrote to the Court alleging that Defendants had failed to comply with the October 23 Order, and seeking an order to compel Defendants to comply and

for appropriate sanctions. (Doc. No. 121.) Infinity renewed its request on November 21, 2015. (Doc. No. 126.) On November 23, 2015, the undersigned ordered Defendants to respond to Infinity's allegations by December 1, 2015. (Doc. No. 127.) On December 1, 2015, Defendants requested an extension to December 2, 2015, opposed by Infinity, which the undersigned granted. (Doc. No. 131.) On December 2, 2015, Defendants submitted "supplemental responses" to Infinity's November 9 and 21, 2015 letters. (Doc. No. 134.) Based on Defendants' latest submission, Infinity again renewed its motion on December 15, 2015. (Doc. No. 139.)

## II. DISCUSSION

### A.  Applicable Law

For failing to obey a court order, Rule 37(b)(2)(C) provides that the court must order a Party, the attorney advising the Party or both to pay reasonable expenses, including attorneys' fees, unless the failure was substantially justified, or other circumstances make the award unjust. While a court has "wide discretion in imposing sanctions, including severe sanctions under Rule 37(b)(2)," *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991), "[s]trong sanctions should be imposed only for serious violations of discovery orders . . . when failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Id.* at 1367.

In determining whether to impose sanctions under Rule 37 generally, courts should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of non-compliance." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004).

Section 1927 of the United States Code, Title 28, provides that "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Before a court may impose a sanction under 28 U.S.C. § 1927, or any kind of sanction, the court must provide notice and an opportunity to be heard. *Mantell v. Chassman*, 512 F. App'x 21 (2d Cir. 2013). The notice requirement "mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id* (internal citations omitted).

**B.     Defendants Failed to Comply with the October 23 Order**

Having reviewed the Parties' submissions, the Court finds that sanctions against Defendants are warranted for failure to comply with the Court's October 23 Order to supplement its discovery responses to Infinity.

   **1.  Defendants Failed to Supplement Document Request Nos. 18 and 23**

Infinity's Document Requests Nos. 18 and 23 requested communications and agreements between Defendants and their customers regarding the allegedly infringing product. Defendants' response referred Infinity to "indemnification documents with customers," and the supplemental response, submitted in August, referred to a listing of all orders received from customers since the date of infringement and "representative purchase orders used by customers" including "typical indemnification agreements" and "representative purchase orders." (Doc. No. 93 at 7-8; Doc. No. 93-5 at 12-13.)

3

The October 23 Order required Defendants to supplement their response by "explaining with particularity how the documents they provided satisfied the requests." (Doc. No. 110 at 6.) In addition, they were ordered to "explain the efforts they have made to locate communications with customers regarding the products at issue." (*Id.*) The Order also clarified that the relevant time period for such responsive documents was after the October 21, 2014 issuance of Infinity's patent. (*Id.*)

At this point, Defendants could have asked the Court to reconsider its October 23 Order. Alternatively, they could have appealed the Order to Judge Oetken. Defendants' supplemental response, however, ignored the Court's prior clarification on the applicable time period for their response, and objected to the request, arguing that it was overbroad because it requested documents before the relevant time period. (Doc. No. 134 at 2.) Defendants then repeated the same response that it had provided to Infinity in August 2015. (*Id.*; Doc. No. 93-5 at 12-13.) This behavior constitutes noncompliance with the October 23 Order.

### 2. Defendants Failed to Supplement Document Request No. 12

Infinity's Document Request No. 12 requested "all documents and things related to communications, internally and externally, regarding Infinity, this Action, and/or the '544 Patent." (Doc. No. 93-5 at 9-10.) Defendants responded, in August, by referring Infinity to several documents already produced, including a "letter of non-infringement, invalidity and unenforceability sent to Infinity's Counsel," "prior art references," and "claim construction documents." (Doc. No. 93-5 at 9-10.) Defendants further averred that "No non-privileged documents about the patent, the lawsuit, or Infinity have been found." (*Id.*) The October 23 Order required Defendants to supplement their response by explaining the efforts they had made to locate responsive communications, and to produce a privilege log in accordance with Federal

4

Rules of Civil Procedure 26 to the extent that they have identified responsive, privileged communications. (Doc. No. 110 at 4-5.)

Instead of complying, Defendants repeated the same response that they had provided in August, and made no attempt to explain the efforts they have made to locate additional responsive communications. (Doc. No. 132 at 2.) Moreover, they claim that to produce a privilege log for all written communications would be "overly burdensome," but articulate no basis for asserting this burden (*Id.*) These actions and non-actions constitute noncompliance with the October 23 Order.

### 3. Defendants Failed to Supplement Interrogatory No. 5

Infinity's Interrogatory No. 5 requests the names and addresses of customers who purchased Defendants' allegedly infringing product, as well as dates of sales for each. (Doc. No. 93-4 at 9-10.) Defendants' August response referred to a document listing each customer. (*Id.*) The Court ordered Defendants to supplement its production with the dates of sales and customer addresses, or to explain with particularity how such information could be derived from the documents produced. (Doc. No. 110 at 4.) Defendants provided the dates of sales, and on November 6, 2015, indicated that they would "try to provide the addresses within the next 5 business days." (Doc. No. 120 at 1.)

Defendants now argue that they object to the production of addresses on the grounds that the information is irrelevant because of indemnification agreements between Defendants and customers, that it is publically available, and that it is not kept by Defendants in their ordinary course of business. (Doc. No. 134 at 1.) The Court did not rule on any of these objections in its October 23 Order because this is the first time that Defendants have raised them, and had instead claimed that responsive documents had been produced or that such documents would be

forthcoming. While the assertions of irrelevance may have merit, Defendants have caused unnecessary delay by failing to raise timely objections.

### 4. Defendants Failed to Supplement Document Request No. 27

Infinity's Document Request Number 27 asked Defendants to produce documents that "identify any Customer to whom You have sold, offered to sell, licensed, and/or offered to license Your Product." (Doc. No. 93-5 at 14.) Defendants originally responded that they had produced a list of actual customers. (*Id.*). They were ordered to supplement their response by including offers to sell, and if they were unable to find the requested communications, to explain to the Court, with particularity, what efforts they had made to locate such offers. (Doc. No. 110 at 7.)

Defendants now argue that "offers to sell by definition refers to advertisements ... for the accused product and all such advertisements have been produced for the period after the patent was granted," referring to documents already produced. (Doc. No. 134 at 3.) They further contend that "it cannot be determined which customers saw an advertisement (offer to sell) and did not purchase the products. Obviously the Defendants do not have such information." (*Id.*)

Defendants' supplemental response failed to either supply the requested communications or to explain with particularity the efforts that they made to locate communications to individual customers with offers to sell their product, and accordingly failed to comply with the October 23 Order.

### C. Sanctions Against Defendants and Defendants' Counsel Are Warranted

The Court notes that neither Infinity nor Defendants are approaching discovery appropriately. Infinity's requests appear calculated to obtain as much discovery as the rules permit, and its arguments are not focused on how that discovery will advance the case.

Defendants appear determined to resist discovery because they believe the claims are not meritorious. Notwithstanding any perceived infirmities in Plaintiff's discovery requests, Defendants may not engage in self-help. If the Court orders responses, noncompliance is not an appropriate position. Defendants' noncompliance and delay appears calculated to avoid its obligations to participate in discovery.

1. **Amount of Sanctions**

When a party fails to obey a discovery order, Rule 37 of the Federal Rules of Civil procedure authorize the court to issue further just orders. Fed. R. Civ. P. 37(b)(2)(A). The rule provides that the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Infinity alleges that it has incurred significant expenses as it has "been forced to submit numerous letters to the Court" since August, seeking Defendants' compliance with discovery. Defendants' supplemental responses, both to the Order and to Infinity's allegations of noncompliance, fail to provide any documents or substantive responses beyond the deficient responses that they produced in August 2015, fail to explain the efforts made to locate relevant documents, and fail to produce a log of documents for which they claim privilege, all of which were expressly ordered in the October 23 Order. Moreover, Defendants have yet to provide any explanation for their failures or to articulate why sanctions should not be awarded, despite several opportunities to do so. As such, they have not met their burden of showing that their conduct was substantially justified, or that an award of expenses is unjust. Accordingly, I find

that Infinity is entitled to the reasonable expenses, including attorneys' fees, associated with Defendants' noncompliance with the October 23 Order.

## CONCLUSION

**IT IS HEREBY ORDERED THAT**

(1) Defendants are sanctioned for their noncompliance with the Court's October 23 Order;
(2) Infinity is awarded reasonable expenses, including attorneys' fees, associated with Defendants' noncompliance with the October 23 Order;
(3) Infinity shall submit evidence of such reasonable expenses by **May 30, 2016**;
(4) Defendants may file a response to that submission by **June 13, 2016**;
(5) Defendants are to fully comply with the terms of the October 23 Order by **May 30, 2016.**

**SO ORDERED this 9th day of May 2016
New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge