UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFINITY HEADWEAR & APPAREL,

           Plaintiff,

    - against -

JAY FRANCO & SONS, et al.,

           Defendants.

**OPINION AND ORDER**

**15-CV-1259 (JPO) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On December 22, 2014, Plaintiff Infinity Headwear & Apparel ("Infinity") filed a Complaint against Defendants Jay Franco & Sons and Jay At Play (collectively "Jay Franco"), alleging patent infringement. (Doc. Nos. 2.) This case was transferred from the United States District Court for the District of Utah to the Southern District of New York on February 20, 2015, and referred to the undersigned for general pretrial on February 27, 2015. (Doc. Nos. 21, 22.)

On December 15, 2016, Jay Franco filed a motion for substitution of counsel and to stay proceedings for sixty days. (Doc. Nos. 230, 231.) Infinity filed its opposition to Jay Franco's motions on December 22, 2016. (Doc. No. 233.) Jay Franco did not file a reply. For the following reasons, Jay Franco's motion for substitution of counsel is **GRANTED**, and its motion to stay proceedings is **DENIED**.

## II. BACKGROUND

For approximately two years, the Parties have engaged in fact discovery, which was set to close on November 25, 2016, with the exception of two depositions. (Tr. of Nov. 14, 2016, Status Conf., Doc. No. 211 at 48.) Additionally, the Court imposed sanctions against Defendants

and their counsel of record, Ezra Sutton, for failing to comply with Court orders to supplement discovery responses. (Doc. No. 167.) Sanctions were granted in the amount of $13,989.95. (Doc. No. 213.) On January 6, 2017, Infinity filed an omnibus motion for sanctions for additional discovery failures. (Doc. Nos. 239, 241, 242)

Jay Franco filed a three-page motion for substitution of counsel and a stay of proceedings on December 15, 2016. (Doc. Nos. 230, 231.) The motion indicates that Jay Franco retained counsel at Kelley Drye & Warren LLP ("Kelley Drye") on December 9, 2016, because "Jay Franco no longer wishes to be represented by Ezra Sutton, Esq. ["Sutton"]" for "a number of reasons." (Doc. No. 231.) Kelley Drye also requests a sixty-day stay of proceedings so that the attorneys litigating the case can "familiarize themselves with this matter." *Id.* Kelley Drye also argues that the impact on the proceedings will be minimal and Jay Franco's discharge of counsel is sufficient grounds to permit substitution. *Id.*

On December 22, 2016, Infinity filed its opposition to Jay Franco's motions, arguing that the motions should be denied because of pending sanctions requests, and because Jay Franco failed to assert a case of hardship to justify a stay. (Doc. No. 233.) In addition to arguing that Jay Franco's motions are procedurally and substantively insufficient, Infinity informed the Court of its offer to stipulate to a three-week extension of outstanding case deadlines, including the date to oppose Infinity's False Marking motion for partial summary judgment ("MPSJ").

### III. DISCUSSION

#### A. Substitution of Counsel

Local Civil Rule 1.4 governs the withdrawal or substitution of counsel. The Rule requires an order of the Court to relieve or displace an attorney of record:

> Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case,

2

including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

*S.D.N.Y. Local Civ. R. 1.4* at 10.

Although the court has "considerable discretion in deciding a motion for withdrawal of counsel," *SEC v. Pentagon Capital Mgt. PLC*, 08-cv-3324 (RWS), 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013), when considering whether to grant a motion to substitute counsel, the court analyzes the impact of withdrawal on the proceedings and the reasons for withdrawal. *Battino v. Cornelia Fifth Avenue, LLC*, 09-cv-4113 (LGS), 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-cv-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

Jay Franco's motion for substitution of counsel does not provide detailed reasons for displacement and its potential to impact the proceedings, and does not include an affidavit or endorsement from Sutton indicating that a retaining or charging lien will not be sought. (Doc. No. 231.) The motion states that "for a number of reasons, Jay Franco has decided that a change of counsel is necessary," the "impact on the proceedings will be minimal" because a trial date had not been set and new counsel is retained, and "Sutton's fees are current." *Id.*

Despite the motion's lack of detail, the Court can extrapolate the reasons for withdrawal from the record, and Infinity was made aware of Jay Franco's intent to replace Sutton as early as November 18, 2016, during the deposition of Joseph Franco. (Doc. No. 233, Exhibit 5, at ¶ 5.) Given the case history, the Court finds that Defendants' desire to no longer be represented by Sutton is sufficient. *Battino v. Cornelia Fifth Ave., LLC*, 09-cv-4113 (LGS), 2013 WL 4779635, at *14 (S.D.N.Y. June 26, 2013) (citing *Hossain v. Roger Smith Hotel/Unit No. 3*, 98-cv-5119 (DAB) (SEG), 1999 WL 195049, at *2 (S.D.N.Y. Apr. 7, 1999); *Oscar de la Renta, Ltd. v. Strelitz, Ltd.*, 92-cv-3907 (CES), 1993 WL 205150, at *1 (S.D.N.Y. June 7, 2003)). The Court

also finds that the proceedings will not be unreasonably impacted. The case is not trial ready—several motions are pending and expert discovery is outstanding—and new counsel has been retained.

"While Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged -- and agreed to the termination -- the order to withdraw should issue except under the most compelling circumstances." *See Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003) (citing *Casper v. Lew Lieberbaum & Company, Inc.*, 97-cv-3016 (JGK) (RLE), 1999 WL 335334 at *4 (S.D.N.Y. 1999)). There are no such compelling circumstances here.

As for Sutton's fees, he may file a motion for a writ of retaining or charging lien after he is substituted as counsel. If Sutton intends to file a motion for a writ of retaining or charging lien, he is instructed to do so by **February 3, 2017**.

The Court also acknowledges Infinity's concern about Sutton's withdrawal while Infinity's motion for sanctions is pending. Sanctions have previously been imposed in this case, awarding Infinity attorneys' fees in the amount of $13,989.95. (Doc. No. 213.) As of December 30, 2016, Jay Franco has paid Infinity $13,900. (Doc. No. 238.) Infinity informed the Court that it would confer with Jay Franco for the outstanding balance. *Id*. As for the additional sanctions sought by Infinity, the Court retains authority to impose sanctions upon Sutton. *Skyline Steel, L.L.C. v. PilePro, L.L.C.*, 13-cv-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (retaining jurisdiction over withdrawn counsel for the purpose of adjudicating sanctions requests for counsel's specific conduct.) (citing *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, 04-cv-0604 (CSH) (DFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008); *Gold v. The Last Experience*, 97-cv-1459 (JGK), 1999 WL 156005, at *4 (S.D.N.Y. Mar. 22, 1999)). Thus, Jay Franco's motion for substitution of counsel is **GRANTED**.

## B. Stay of Proceedings

"Every court has the inherent power to stay proceedings to ensure the economic disposition of the cases on its docket." *Landis v. N. A. Co*, 299 U.S. 248, 254 (1936). In evaluating the necessity of a stay, courts consider the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*See Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1635-36 (S.D.N.Y. 2000) (citing *Xerox Corp. v. 3Com Corp.*, 60 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

In its motion to stay, Jay Franco's counsel seeks a sixty-day stay "to familiarize themselves with this matter." (Doc. No. 231.) This case has been ongoing for two years with extensive motion practice, warranting a reasonable amount of time to get up to speed. However, a stay of the proceedings is unnecessary. At this point, Kelley Drye has had more than forty-five days to familiarize themselves with the case, oppose pending motions, and prepare expert disclosures.

Additionally, Infinity offered to stipulate to a three-week extension for Jay Franco to file its opposition to Infinity's Fair Marking MPSJ. (Doc. No. 233, Exhibit 5 at 4.) Given Sutton's alleged assertion that he was working on Jay Franco's opposition on December 9, 2016, ten days prior to its original due date, the Court finds that granting an extension for pending motions in this case is an efficient way to proceed.

The Court will entertain any future requests for extensions, with good cause. As of now, however, Jay Franco has not articulated sufficient justification to stay the proceedings. *See generally Landis*, 299 U.S. at 256. Jay Franco is instructed to file its opposition to Infinity's Fair Marking MPSJ on or before **February 3, 2017**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Jay Franco's motion to substitute counsel is **GRANTED**, and its motion to stay the proceedings for sixty days is **DENIED**. The Clerk of the Court is instructed to terminate Sutton as Jay Franco's counsel. The deadline for expert disclosures will remain **January 30, 2017**. Jay Franco is ordered to file its opposition to Infinity's False Marking MPSJ by **February 3, 2017**. Infinity's reply will be due on or before **February 10, 2017**. Sutton is instructed to file his motion for writ of a retaining or charging lien by **February 3, 2017**. The Parties are ordered to file a joint status letter on or before **February 17, 2017**.

**SO ORDERED on this 24th day of January 2017.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge