UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFINITY HEADWEAR & APPAREL,

        Plaintiff,

- against -

JAY FRANCO & SONS, et al.,

        Defendants.

OPINION AND ORDER

15-CV-1259 (JPO) (RLE)

**THE HONORABLE RONALD L. ELLIS, U.S.M.J.:**

On March 17, 2015, the Court entered a Patent Case Scheduling Order requiring that all expert disclosures be made "no later than twenty-eight (28) days after the close of fact discovery," and all rebuttal expert disclosures due "no later than twenty-eight (28) days after service of the expert reports." (Doc. No. 37.) On November 25, 2016, fact discovery closed, making December 23, 2016, the due date for the Parties to serve expert disclosures. Defendants Jay Franco & Sons and Jay At Play (collectively "Jay Franco") filed a request for a thirty-day extension on December 9, 2016, citing holidays, and the schedule of both its counsel and invalidity expert. (Doc. No. 223.) Plaintiff Infinity Headwear & Apparel ("Infinity") opposed the extension request. (Doc. No. 227.) On December 15, 2016, the Court granted the extension, setting January 30, 2017, as the date expert disclosures were to be served. (Doc. No. 226.)

Jay Franco retained new counsel, Kelley Drye & Warren LLP ("Kelley Drye"), on December 9, 2016. (Doc. No. 231.) The Court granted Jay Franco's motion for substitution of counsel and denied its motion to stay the proceedings on January 24, 2017. (Doc. No. 246.) The Court also stated that the expert disclosures due date would remain January 30, 2017. *Id.*

On January 26, 2017, Jay Franco requested yet another thirty-day extension asserting that "there are no valid claims for an expert to evaluate." (Doc. No. 247.) Jay Franco stated that the

extension "will allow Defendants sufficient time to prepare alternative disclosures based on some sort of hybrid claims, i.e., a mish-mash of rejected claims and proposed amendments." *Id.* On the same day, the Court entered an Order instructing the Parties to submit memoranda on the claim validity issue. (Doc. No. 249.) The Court clarified its Order on January 27, 2017, stating that Jay Franco's extension request was denied, but that additional time would be available if there was a showing of good cause based on the claim validity issue.

The Parties timely filed memoranda for the Court's consideration. (Doc. Nos. 252, 255, 256.) Infinity's memorandum argues that Jay Franco's invalidity expert, Dr. David Brookstein ("Brookstein"), has "long been involved with this case," and that Judge Oetken had denied Jay Franco's Motion to Dismiss, which also had been based on the Patent Office's *ex parte* examination of Infinity's claims as invalid. (Doc. Nos. 252, ("September 2016 Opinion").)

Jay Franco's memorandum argues that "[u]ntil the reexamination is concluded, any claim analysis will almost certainly prove pointless." (Doc. No. 255.) Jay Franco also appears to amend its initial extension request and now seeks "a stay of the patent infringement cause of action pending the conclusion of the reexamination proceeding." (*Id.* at 5.)

Judge Oetken's September 2016 Opinion clearly rules that the Patent Office's examination has no consequences on this case until the "reexamination certificate is issued and published." (Doc. No. 187 at 6 (citing 37 C.F.R. §§ 1.52(k) and 1.178).) The Opinion also granted Infinity leave to file an amended complaint. (*Id.* at 29.) On that same day, Infinity filed its Amended Complaint. (Doc. No. 188.)

For almost two months, Kelley Drye has been counsel for Jay Franco. Instead of preparing to produce expert disclosures and file responsive motions, Jay Franco determined "[i]t was not reasonable to incur legal costs on behalf on Defendants" pending the Court's decision on

2

Jay Franco's motion to stay. (Doc. No. 247.) Jay Franco chose to not timely prepare expert disclosures to its own detriment. The Court denied its motion to extend the production of expert disclosures on January 27, 2016, and Jay Franco did not produce them by the deadline. (*See* Doc. No. 254.) Jay Franco acknowledges that producing expert disclosures is indeed possible prior to the Patent Office's final claim validity determination. (*See generally* Doc. No. 247.) Thus, Jay Franco's submissions fail to show good cause to justify a further extension or stay.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Jay Franco's request for an extension of the expert disclosures deadline, and its request to stay the patent infringement cause of action are **DENIED**.

**SO ORDERED this 6th day of February 2017.**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge